EDWARD C. McCAFFREY, Respondent, *v.* HALSEY STUART & Co., INC., ACOSTA NICHOLS, CECIL BARRET and ARTHUR H. GILBERT, as Three of the Partners of the Copartnership Doing Business under the Firm Name and Style of SPENCER TRASK & COMPANY, and WALTER SELIGMAN, Individually and as a Member of the Firm of J. & W. SELIGMAN & Co., Appellants, Impleaded with Others, Defendants.

Second Department, March 19, 1937.

*William Dean Embree* [*Arthur John Keeffe, Carleton H. Ende-mann,* and *Milton Weiss* with him on the brief], for the appellants.

*David M. Neuberger* [*Murray Ratner* with him on the brief], for the respondent.

PER CURIAM. The action is to recover damages arising from fraud in the sale of certain bonds. Appeal is by certain of the defendants from the order that denies their motions (1) under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action; or, in the alternative, (2) under rule 90 to compel the plaintiff to state separately and number the causes of action, (3) under rule 102, to require that the complaint be made more definite and certain, and (4) under rule 103 to strike out paragraphs 15, 16, 17, 18 and 19 of the complaint on the ground that they are frivolous, irrelevant and unnecessary.

The causes of action accruing to each of the four assignors depend upon different factual situations, and did not merge upon assignment to the plaintiff. The complaint should be made more definite and certain so that specific defenses, if any, may be pleaded in an orderly manner.

The order should be modified so as to grant the motion, brought under rule 90 of the Rules of Civil Practice, to require the plaintiff to state separately and number his causes of action, and so as to grant the motion, brought under rule 102 of the Rules of Civil Practice, to the extent of requiring that the complaint be made more definite and certain in the following respects: " By alleging from whom, where and when plaintiff's assignors purchased the bonds referred to in paragraphs 11, 12, 13 and 14 of the complaint, how long the bonds were held, and, if any of the bonds were sold by plaintiff or his assignors, the terms and dates of sale; and by alleging how plaintiff or his assignors discovered the alleged fraud." As so modified, the order should be affirmed, with ten dollars costs and disbursements to appellants.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

Order modified so as to grant the motion, brought under rule 90 of the Rules of Civil Practice, to require the plaintiff to state separately and number his causes of action, and so as to grant the motion brought under rule 102 of the Rules of Civil Practice, to the extent of requiring that the complaint be made more definite and certain in the following respects: " By alleging from whom, where and when plaintiff's assignors purchased the bonds referred to in paragraphs 11, 12, 13 and 14 of the complaint, how long the

bonds were held, and, if any of the bonds were sold by plaintiff or his assignors, the terms and dates of sale; and by alleging how plaintiff or his assignors discovered the alleged fraud." As so modified, the order is affirmed, with ten dollars costs and disbursements to appellants; the amended complaint to be served within fifteen days from the entry of the order hereon.

Settle order on notice.